**Ivette GONZALEZ and Ramon
Fernandez, Plaintiffs,
Appellants,**

v.

**WALGREENS COMPANY, et al.,
Defendants, Appellees.**

**No. 90–1185.**

United States Court of Appeals,
First Circuit.

Heard Oct. 5, 1990.

Decided Nov. 8, 1990.

Hilda Rodriguez Forteza, for plaintiffs,
appellants.

Eric A. Tulla, with whom Miguel A. Ral-
diris and Rivera, Tulla & Ferrer were on
brief, for defendants, appellees.

Before TORRUELLA and CYR, Circuit
Judges, and TIMBERS,* Senior Circuit
Judge.

TIMBERS, Circuit Judge:

Appellants Ivette Gonzalez and Ramon
Fernandez appeal from an order entered
December 13, 1989, in the District of Puer-
to Rico, Hector M. Laffitte, *District Judge,*
denying their motion pursuant to Fed.R.
Civ.P. 60(b) to vacate a prior judgment
dismissing their personal injury complaint.

Appellants' complaint sought damages
for injuries sustained by Ivette Gonzalez in
a pharmacy located in San Patricio Plaza,
Puerto Rico. The district court dismissed
the complaint since it found that appellee
Walgreens Company ("Walgreens") did not
control the pharmacy in which Ivette's inju-
ries were sustained. That judgment was
affirmed by a previous panel of this court.
*Gonzalez v. Walgreens Co.,* 878 F.2d 560
(1st Cir.1989) (per curiam).

Subsequently, appellants filed the instant
motion to vacate the judgment pursuant to
Fed.R.Civ.P. 60(b), alleging that the judg-
ment dismissing their complaint was ob-
tained through fraud. The district court
denied that motion.

On appeal, appellants contend that the
judgment dismissing their complaint was

---

* Of the Second Circuit, sitting by designation.

obtained fraudulently and the district court therefore erred in denying their motion to vacate that judgment.

For the reasons that follow, we affirm the judgment of the district court.

## I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

On January 15, 1988, Ivette and her husband Ramon commenced an action against appellees Walgreens and The Travelers Insurance Company. The complaint sought damages for injuries sustained by Ivette at a Walgreens' pharmacy, allegedly caused by Walgreens' negligence. Subject matter jurisdiction was based on diversity of citizenship.

The complaint alleged that "Walgreens Company owns, operates, controls, manages, supervises a pharmacy located in and within the premises of a certain mall known to the public as San Patricio Plaza." In moving to dismiss the complaint, Walgreens denied that it owned, operated, controlled, managed, and supervised the pharmacy in which the injuries were sustained. Rather, it alleged that the pharmacy was operated by Walgreen of San Patricio, Inc. ("Walgreen–San Patricio"), a Puerto Rico corporation. In support of its motion, Walgreens submitted the incorporation papers of Walgreen–San Patricio and an affidavit from the manager of the pharmacy stating that it was owned and operated by Walgreen–San Patricio.

The district court treated Walgreens' motion as one for summary judgment and granted it on August 25, 1988, on the ground that appellants did not present sufficient evidence to contradict Walgreens' denial of control of the pharmacy. Judgment was entered on August 31, 1988. We affirmed as stated above. *Gonzalez, supra.* Appellants cannot maintain an action against Walgreen–San Patricio in the federal court absent diversity of citizenship.

On November 10, 1989, appellants filed a motion pursuant to Fed.R.Civ.P. 60(b)(3)

and (6) to vacate the judgment which dismissed their complaint. In support of their motion, appellants submitted three documents. First, they submitted Walgreens' answer to a personal injury complaint that was filed against it by an unrelated party on September 30, 1987. That complaint sought damages for an accident in the same pharmacy in which Ivette's injuries were sustained. In its answer to that complaint, filed November 30, 1987, Walgreens admitted that it operated the pharmacy. Second, they submitted a financial statement of Walgreen–San Patricio that described it as a wholly owned subsidiary of Walgreens. The financial statement also indicated that Walgreen–San Patricio paid Walgreens administrative charges of $296,991 for the year ending August 31, 1980. Third, they submitted a handbill that was distributed in the pharmacy where the injuries occurred. The handbill solicited comments from customers.

The district court denied appellants' motion to vacate the judgment on December 13, 1989. On December 27, 1989, appellants moved for reconsideration. That motion was denied on January 17, 1990.

This appeal followed.

## II.

Appellants contend that the district court erred in denying their motion to vacate the judgment which dismissed their complaint. We disagree.

Our standard of review of a district court's denial of a motion to vacate a judgment is well settled. "A motion for relief from a final judgment pursuant to Rule 60(b) is addressed to the discretion of the district court, may be granted only under exceptional circumstances, and may be reviewed only for abuse of discretion." *Rivera v. M/T Fossarina,* 840 F.2d 152, 156 (1st Cir.1988) (citations omitted).

### (A)

■ With the foregoing in mind, we turn first to appellants' contention that they were entitled to relief pursuant to Fed.R. Civ.P. 60(b)(3). Appellants contend that

the evidence they discovered after the judgment was entered demonstrates that Walgreens moved to dismiss the complaint with the knowledge that the factual basis it advanced in support of its motion was false. We disagree. And even if appellants' substantive claims had merit, they would not be entitled to relief under that Rule since they failed to file their motion within the time limit set forth in the Rule.

Fed.R.Civ.P. 60(b)(3) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." *Id.* A motion under Rule 60(b)(3) must be made "not more than one year after the judgment, order, or proceeding was entered or taken."

The judgment which dismissed appellants' complaint was entered on August 31, 1988. More than 14 months elapsed before appellants filed their motion to vacate that judgment on November 10, 1989. To the extent appellants' motion sought relief from the judgment on the grounds set forth in subdivision (3), therefore, it was filed outside the time limit imposed by Rule 60(b). Appellants' failure to file their Rule 60(b)(3) motion within one year of the judgment "is an absolute bar to relief from the judgment." *United States v. Marin,* 720 F.2d 229, 231 (1st Cir.1983) (per curiam).

We hold that the district court did not abuse its discretion in denying appellants' motion to vacate the judgment pursuant to Rule 60(b)(3), since relief under that subdivision was barred because of appellants' failure to file their motion within a year of the entry of the judgment.

### (B)

We turn next to appellants' contention that they were entitled to relief pursuant to Fed.R.Civ.P. 60(b)(6). We hold that the district court did not abuse its discretion in denying such relief.

Rule 60(b)(6) provides that a judgment may be vacated for "any other reason justifying relief from the operation of the judgment." Although a motion under this subdivision must be made within a reasonable time, there is no specific time limit for filing such a motion. Rule 60(b)(6) applies only to grounds for relief not covered by the first five subdivisions of Rule 60(b). *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863 (1988); *Scola v. Boat Frances, R., Inc.,* 618 F.2d 147, 154–55 (1st Cir.1980). Such motions should be granted only in extraordinary circumstances. *United States v. Berenguer,* 821 F.2d 19, 21 (1st Cir.1987); *Chang v. Smith,* 778 F.2d 83, 85 (1st Cir.1985).

There are no extraordinary circumstances justifying relief from the judgment in the instant case. Appellants contend that Walgreens' answer in a previous case in which it admitted that it owned and operated the pharmacy should be construed as a judicial admission in the instant case. That contention is not supported by applicable law. "[A] pleading in one case is not a conclusive judicial admission in a later one, [but] it is treated as an ordinary admission which can be contradicted by other evidence." *United States v. Raphelson,* 802 F.2d 588, 592 (1st Cir.1986). Walgreens was not bound in the instant case by an admission in its answer in a previous case.

Appellants also contend that a financial statement that identifies Walgreen–San Patricio as a wholly owned subsidiary of Walgreens supports their position. This evidence demonstrates nothing more than the parent-subsidiary relationship of the two corporations, which was not really in doubt when the initial motion was decided. In any event, such a relationship alone is insufficient to establish liability on the part of the parent. Under Puerto Rico law, "for a parent corporation to be liable for the negligence of a subsidiary, the parent corporation [must] assume a duty to act by affirmative undertakings." *Ramirez Pomales v. Becton Dickinson & Co., S.A.,* 839 F.2d 1, 4 (1st Cir.1988).

Finally, the handbill which solicited comments from Walgreens' customers in Puerto Rico provides no support for appellants' position. There is no indication that Walgreens, rather than Walgreen–San Patricio,

was responsible for distributing the handbill.

We hold that the district court did not abuse its discretion in denying appellants' motion to vacate the judgment pursuant to Rule 60(b)(6) since there were no extraordinary circumstances to justify such relief.

### III.

To summarize:

We hold that the district court did not abuse its discretion in denying appellants' motion to vacate the judgment which dismissed their complaint pursuant to Fed.R. Civ.P. 60(b)(3) since such relief was barred by the one year time limit set forth in the Rule. We further hold that there were no extraordinary circumstances to justify vacating the judgment pursuant to Fed.R. Civ.P. 60(b)(6).

Affirmed.