RICHARD V., a minor, by MARCEL V. & Bernadette V. his parents and next friends, Plaintiffs,

v.

**CITY OF MEDFORD, Massachusetts, et al., Defendants.**

Civil Action No. 95–12770 PBS.

United States District Court, D. Massachusetts.

April 24, 1996.

Packer H. Packer, Jamacia Plain, MA, for Richard V.

Mark E. Rumley, Assistant City Solicitor, Law Department, Medford, MA, for City of Medford, Massachusetts.

Nicola Favorito, Murphy, Hesse, Toomey & Lehane, Quincy, MA, Mark E. Rumley, Assistant City Solicitor, Law Department, Medford, MA, for Roy E. Belson, Salvatore A. Todaro.

### *MEMORANDUM AND ORDER*

SARIS, District Judge.

#### *Introduction*

This matter is before the Court on a motion by Plaintiffs, the parents of Richard V., a minor, to reissue the preliminary injunction, entered on February 13, 1996, and dismissed on February 27, 1996, reinstating Richard as a ninth grade student at Medford High School. Defendants, Medford Public Schools, oppose Plaintiffs' motion to reopen the case. Because Plaintiffs' motion does not fall within any of the enumerated grounds for relief from judgment specified in Fed. R.Civ.P. 60(b), this Court is constrained to deny Richard V.'s present request for a preliminary injunction without prejudice.

#### *Background*

The recitation of facts necessary to address Plaintiffs' motion is brief. Richard V. was indefinitely suspended from Medford High School because of his involvement in a racially-provoked incident at the school on October 30, 1995. Richard, who was a 15 year-old African American, was attacked by a number of white students. Although educators promptly broke up the fight, Richard remained extremely angry and repeatedly assaulted several of the teachers who attempted to calm him. Because of his conduct, Richard was suspended indefinitely pending expulsion, and his parents were notified of the school's decision on November 27, 1995.

At that time, Richard's parents requested a special needs evaluation for Richard pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(b), and invoked the "stay put" provision, 20 U.S.C. § 1415(e)(3), which requires a student to remain in his or her "then current educational placement" pending completion of any review proceedings instituted under the act. Because Richard's parents and school

officials were unable to agree upon a proper interim placement for Richard, Plaintiffs filed a complaint in this Court on December 26, 1995, and requested a preliminary injunction returning Richard to school under the "stay put" provision. Educational experts hired by Defendants evaluated Richard and determined that he was a special needs student entitled to the substantive and procedural protections provided by the IDEA and M.G.L. c. 71B. In the meantime, Richard was receiving limited home tutoring. As of this writing, however, the parties have yet to agree on a placement or an individualized education program ("IEP") for Richard.[1]

The Court held a hearing on January 12, 1996, and issued a preliminary injunction on February 13, 1996, ordering that Richard be returned to school. Although no written opinion then was issued for reasons discussed below, the Court determined that Richard's "then current educational placement" was the placement that he occupied at the time of the incident giving rise to his expulsion, that is, a ninth grade student at the high school, rather than an indefinitely suspended student.

■ Because Richard's parents did not request an evaluation until after Richard's suspension, Defendants argued that Richard's "stay put" placement was indefinite suspension. Plaintiffs argued that Richard's status was fixed at the time that a special needs evaluation should have been done rather than at the time of the parents' request. Because of Richard's abysmal academic record, consisting of failing grades in a number of classes, plaintiff established a likelihood of success on his claim that the school was obligated under Massachusetts law to have referred Richard, who had already repeated eighth grade once, for evaluation well before the October 30 incident. See M.G.L. c. 71B; 603 C.M.R. § 28.310.1. If such a referral had been made before the incident, Richard's "stay put" placement would have been that of

a ninth grader rather than an indefinitely-suspended student. Consequently, the Court issued a preliminary injunction on the ground that the IDEA's "stay put" provision mandated Richard's return to school.

This result, it should be noted, is in accord with the majority of the case law on this issue. See Honig v. Doe, 484 U.S. 305, 323–25, 108 S.Ct. 592, 604–05, 98 L.Ed.2d 686 (1988) (holding that "stay put" provision prohibits schools from expelling special needs students for disciplinary infractions); Hacienda La Puente Unified School Dist. v. Honig, 976 F.2d 487, 489–94 (9th Cir.1992) (holding that disabled students without previously-identified special needs were nonetheless eligible for IDEA protection); Rodiriecus L. by Betty H. v. Waukegan School Dist. No. 60, 889 F.Supp. 1045, 1047–50 (N.D.Ill. 1995) (holding that "stay put" status of student was not indefinite suspension but was "the last placement in which a student was receiving an education") (quoting Thomas v. Cincinnati Bd. of Educ., 918 F.2d 618, 625 (6th Cir.1990)); M.P. by D.P. v. Governing Bd. of the Grossmont Union High School Dist., 858 F.Supp. 1044, 1047–48 (S.D.Cal. 1994) (holding that even student who had never previously required special education could not be suspended or expelled once "stay put" provision had been invoked because of statutory and congressional policy of preserving status quo); Cronin v. Board of Educ. of the East Ramapo Central School Dist., 689 F.Supp. 197, 202 (S.D.N.Y.1988) ("[T]he statute provides that all handicapped children, regardless of whether their case is meritorious or not, are to remain in their current educational placement until the dispute with regard to their placement is ultimately resolved."). But see Deborah V. v. Leonard, 1993 WL 393055, at *1–2 (D.Mass. Sept. 24, 1993) (holding that when question of student's special needs status arises while student suspended but before permanently

---

1. Richard's parents, of course, want him returned to Medford High School, but school authorities have recommended that he be placed at the Hillside school, a special facility for disabled students, for an additional eight-week diagnostic period pending promulgation of a final IEP. The IDEA requires schools to develop individualized education programs ("IEPs") for students with disabilities that describe the student's past performance, set educational goals, list services to be provided, and establish criteria for future evaluation. 20 U.S.C. § 1401(a)(20) (defining IEP).

expelled, "stay put" placement is indefinite suspension).

Before a detailed written opinion could issue, however, Plaintiffs informed the Court by letter dated February 12, 1996, but received hours after the issuance of the preliminary injunction, that Richard voluntarily had been placed by his parents at a private parochial school. As a result, this Court issued a second order on February 13, 1996, vacating the injunction as moot and informing the parties that the case would be dismissed if Richard's parents did not seek further action. Accordingly, on February 27, 1996, the Court dismissed the action without prejudice to Richard's rights under the IDEA.

On March 15, 1996, Plaintiffs filed the present motion to reopen the proceeding under Fed.R.Civ.P. 60(b). Plaintiffs' counsel informed the Court that Richard's placement in parochial school apparently did not work out because of a skirmish with a female student over a seating arrangement and the principal's belief that Richard had a bad attitude. Richard is again home from school and currently is not receiving home tutoring or educational services of any kind.

### Discussion

■ Through a motion to reopen the proceedings under Fed.R.Civ.P. 60(b), Plaintiffs request reinstatement of the preliminary injunction issued on February 13. Defendants contend that Plaintiffs' motion should be denied as none of Rule 60(b)'s six enumerated grounds for relief are present here. For the reasons discussed below, the Court reluctantly concurs that Rule 60(b) does not authorize reissuance of the preliminary injunction. To obtain the relief Plaintiffs seek for Richard, they must refile the complaint and begin anew.

■ "Rule 60(b) invested the federal courts, in certain carefully delimited situations, 'with the power to vacate judgments whenever such action is appropriate to accomplish justice.'" *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 19 (1st Cir.1992) (quoting *Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384,

390–91, 93 L.Ed. 266 (1949)). "[D]istrict courts enjoy broad discretion in deciding motions brought under Rule 60(b)...." *Hoult v. Hoult*, 57 F.3d 1, 3 (1st Cir.1995). Because of the policy favoring the finality of judgments, however, courts are "disinclined to disturb judgments under Rule 60(b) unless the movant can demonstrate that certain criteria have been achieved." *Teamsters*, 953 F.2d at 19–20; *see also Parrilla–Lopez v. United States*, 841 F.2d 16, 19 (1st Cir.1988) ("[A] new trial is extraordinary relief, and as such should only be granted under extraordinary circumstances.").

Fed.R.Civ.P. 60(b) enumerates six grounds upon which a court may grant relief from judgment as provided below:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). Plaintiffs claim that they rely on ground six.

■ Rule 60(b)(6) does not provide a basis for the relief requested. "Rule 60(b)(6), allowing relief for 'any other reason justifying relief,' is the residual clause of Rule 60(b). The reason asserted must be one other than those enumerated in 60(b)(1)–(5), and must be sufficient to justify the relief sought." *Lubben v. Selective Serv. System Local Bd. No. 27*, 453 F.2d 645, 651 (1st Cir.1972). A Rule 60(b)(6) motion "should be granted only in extraordinary circumstances." *Gonzalez v. Walgreens Co.*, 918 F.2d 303, 305 (1st Cir.1990).

Here, the reason proffered for the Rule 60(b) motion is that Richard's placement in private school was unsuccessful. Although the parents decided to place Richard in parochial school before the injunction issued, they chose to keep him there even after learning that the Court had granted the requested stay-put relief. Once Plaintiffs made a considered choice not to pursue an avenue of relief, "Rule 60(b)(6) is not available to relieve them of the consequences of that decision, absent extraordinary circumstances not found here." *Twelve John Does v. District of Columbia,* 841 F.2d 1133, 1141 (D.C.Cir.1988) (holding that Rule 60(b)(6) is not substitute for failure to appeal); *Lubben,* 453 F.2d at 651–52 (same).

In addition, there are no exceptional circumstances warranting relief here as Plaintiffs may simply file a new complaint. Indeed, there are ongoing state administrative proceedings which may soon make the need for additional litigation unnecessary. Because the preliminary injunction expressly was dismissed without prejudice, there is no *res judicata* or "law of the case" bar to relitigating the "stay put" issue in a new proceeding. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990) (" 'Dismissal without prejudice' is a dismissal that does not 'operat[e] as an adjudication upon the merits,' and thus does not have a res judicata effect.") (quoting Fed.R.Civ.P. 41(a)). Should Richard's parents commence a new action, the claims for which Plaintiffs now seek Rule 60(b) relief would be properly before the Court.[2]

### Conclusion and Order

Accordingly, Plaintiffs motion for relief from judgment is ***DENIED.*** At hearing, however, Plaintiffs informed the Court of their desire to refile as soon as possible. When Plaintiffs file a new action, they should inform the Clerk of the District Court that the action should be transferred to this Court under the "related case" rule. LR 40.1(e) (D.Mass.). Filing fees are waived. The new complaint and supplementary responses shall

be served by no later than Tuesday, April 30, 1996, and defendants' supplemental materials shall be filed by Wednesday, May 1, 1996. Defendants' counsel has agreed to accept service.

---

2. The Court does not express any opinion on the merits of any future claim by Richard V. to "stay put" protection in light of events since the initial preliminary injunction was entered.