**Farouk MARTINS, Plaintiff,**

v.

**CHARLES HAYDEN GOODWILL INN SCHOOL, Defendant.**

**Civ.A. No. 94–11769–REK.**

United States District Court,
D. Massachusetts.

July 14, 1997.

Farouk O. Martins, Cambridge, MA, Pro se.

Mary L. Marshall, Andrew L. Matz, Stoneham, Chandler & Miller, Boston, MA, for Charles Hayden Goodwill.

**Memorandum and Order**

KEETON, District Judge.

Pending before this court are four motions by pro se plaintiff, Farouk Martins for: (1) sanctions based on Fed.R.Civ.P. 11 and Fed. R .Civ.P. 56(g) (Docket No. 42, filed February 12, 1997); (2) equitable relief from summary judgment (Docket No. 44, filed March 3, 1997); (3) a new trial (Id.); and (4) summary judgment (Docket No. 53, filed April 14, 1997). Also pending before this court is the motion by defendant, Charles Hayden Goodwill Inn School ("Goodwill") for sanctions based on Fed.R.Civ.P. 11 (Docket No. 46, filed March 31, 1997).

## I. Procedural History

On December 15, 1992, Martins filed a complaint with Massachusetts Commission Against Discrimination ("MCAD") and the Equal Opportunity Commission ("EEOC") alleging that he was terminated from Goodwill because of his race. After conducting investigations into the merits of Martins' claim, both the EEOC and MCAD dismissed Martins' complaint.

On September 1, 1994, Martins filed suit against Goodwill in this court. In his complaint, Martins stated seven claims: (1) discriminatory discharge under Title VII, 42 U.S.C. § 2000e-2; (2) retaliatory discharge under Title VII; (3) unlawful employment practices under Title VII; (4) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.;* (5) intentional infliction of emotional distress; (6) slander; and (7) assault and battery.

After discovery, during which Martins filed various affidavits and papers regarding his claim, Goodwill moved for summary judgment. After considering the proffered evidence and hearing oral arguments regarding the summary judgment motion, on July 6, 1995, in a bench ruling, this court granted the summary judgment motion for the defendant as to all of Martins' claims. (*See* Docket No. 39 at 37–41.)

In response to this court's oral ruling, Martins asked for leave to file additional information to support his claims. The court granted his request. After reviewing Martins' supplemental memoranda, however, the court confirmed the original decision and ordered a Final Judgment for the defendant on July 17, 1995. (*See* Docket No. 35.)

Martins then appealed to the Court of Appeals for the First Circuit. On February 28, 1996, the Court of Appeals affirmed this court's judgment. (*See* Docket No. 41.) Martins subsequently filed with the clerk of the Supreme Court of the United States a petition for writ of certiorari. The Court denied that petition on October 7, 1996. *Martins v. Charles Hayden Goodwill Inn School,* —— U.S. ——, 117 S.Ct. 116, 136 L.Ed.2d 68 (1996).

On November 29, 1996, Martins filed another complaint against Goodwill in the United States District Court for the District of Massachusetts (Civil Action No. 96–12442–WGY). This second complaint differed from the original complaint in that, this time, Martins' based his claim on defamation, "perjury," interferences with advantageous contractual relations, and breach of covenant of good faith and fair dealing. The District Court dismissed this second action on the basis of claim preclusion. (*See* Docket No. 51, Ex. 30.)

On February 12, 1997, more than a year and a half after final judgment was entered by this court in the first action, Martins filed the present "Motion for FRCP 11 and 56g" against Goodwill. On March 3, 1997, Martins' filed a subsequent motion for "Equitable relief from Summary Judgment and New Trial."

## II. Rule 60(b) Motion

Fed.R.Civ.P 60(b) states the following:

On motion and upon such terms as are just, the court may relieve a party ... from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move from a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released,

or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Fed.R.Civ.P. 60(b).

■ Martins asserts that the Final Judgment entered in this action by this court should be vacated for three identifiable reasons: (1) Goodwill submitted fraudulent affidavits misrepresenting the events leading to plaintiff's termination; (2) Martins inadvertently made the mistake of not asserting a claim under M.G.L. ch. 151b; (3) Martins submits new evidence that by due diligence could not have been discovered before the entry of Final Judgment. In essence, Martins' motion alleges fraud (Fed.R.Civ.P. 60(b)(3)), mistake (Fed.R.Civ.P. 60(b)(1)) and newly discovered evidence (Fed.R.Civ.P. 60(b)(2)). But, I conclude, that even if Martins' "substantive claims had merit, they would not be entitled to relief under Rule 60 since he failed to file his motion within the time limit set forth in the Rule." *Gonzalez v. Walgreens Co.*, 918 F.2d 303, 305 (1st Cir. 1990).

Having filed his motion for "equitable relief from summary judgment" more than eighteen months after this court entered a Final Judgment for the defendant, Martins' motion is time-barred by the one year limitation of Fed.R.Civ.P. 60(b). Rule 60(b) states clearly that "the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgmenet . . . was entered." Fed.R.Civ.P. 60(b). Belatedness "is an absolute bar to relief from judgment." *United States v. Marin*, 720 F.2d 229, 231 (1st Cir.1983) (per curiam).

■ Even construing plaintiff's motion liberally, *see Wightman v. Bureau of Alcohol,* *Tobacco and Firearms,* 755 F.2d 979, 983 (1985) ("case law indicates that courts should hold *pro se* documents to a less stringent standard"), as alleging a claim for the more general Rule 60(b)(6) relief, "for any other reason justifying relief from the operation of the judgment," I conclude that the motion fails. Although there is no specific time limit for filing a Rule 60(b)(6) motion, "such motions should be granted only in extraordinary circumstances." *Gonzalez,* 918 F.2d at 305 (citing *United States v. Berenguer,* 821 F.2d 19, 21 (1st Cir.1987); *Chang v. Smith,* 778 F.2d 83, 85 (1st Cir.1985)).

■ Plaintiff's submissions fail to show any extraordinary circumstances warranting relief from judgment under Rule 60(b)(6) or any other provision of the Rule. *See Fed. Deposit Ins. Corp. v. Keating,* 812 F.Supp. 8, 11 (D.Mass.1993) ("Barring exceptional circumstances . . . failure to file a Rule 60(b) motion within one year of judgment is an absolute bar to relief from the judgment") (quotation marks and citations omitted). In point of fact, Martins raised the same allegations of fraud and newly discovered evidence to this court before the Final Judgment of July 17, 1995 was entered. Those allegations were considered and rejected by this court. Furthermore, Martins previously brought his claim in four different arenas under various theories: (1) with MCAD under M.G.L. ch. 151b; (2) with the EEOC under a Title VII claim; (3) in Massachusetts District Court (C..A. No. 94–11769–REK) under Title VII; (4) in Massachusetts District Court (C.A. No. 96–12442–WGY) under the common law of tort and contract. These repeated submissions show that Martins cannot now establish inadvertent neglect of more advantageous grounds of claim, as he now alleges.

For the above reasons, plaintiff's motion for "equitable relief from summary judgment and for a new trial" is denied.

### III. Plaintiff's Motion for Summary Judgment

Summary judgment is appropriate where the pleadings, answers to interrogatories, admissions, affidavits, and other materials show that there is "no genuine issue as to any

material fact" and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court draws all reasonable inferences in favor of, and views the evidence in the light most favorable to, the non-moving party. *See, e.g., Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1091 (1st Cir.1995).

In the cases numbered (1)–(4) in Part II of this memorandum, Martins' claims were dismissed for either lack of probable cause, or for lack of genuine issues of material fact, or on res judicata grounds. Because Martins bases his present claim before this court on the same set of facts as in the above four listed cases, because he brings no new facts to bear on the issue that could have and should have been revealed earlier, and because he has had the opportunity to bring the present controversy for adjudication four times previously, I must deny Martins' present motion for summary judgment.

### IV. Martins' Request for Sanctions

Martins bases his claim for sanctions on defendant's allegedly fraudulent evidentiary submissions. Martins specifically points to memoranda dated August 11 and 12, 1992, written by his supervisors at Goodwill, (*see* Docket No. 5o, Exs. 8, 10) and Goodwill's termination statistics (*see* Docket 48, Ex. A). Martins fails to show any basis in law or fact for such claims of fraud. Accordingly, I deny plaintiff's motions for sanctions.

Furthermore, since Martins' motions for relief from Final Judgment and for summary judgment are denied due to the previous order by this court and its affirmance by the Court of Appeals for the First Circuit, Martins' motion for Rule 11 and 56(g) sanctions based on those previous claims must be denied on this ground as well.

### V. Goodwill's Request for Sanctions

The defendant seeks Rule 11 sanctions against Martins for filing a time-barred and substantively frivolous claim. I conclude that although defendant may have a valid Rule 11 claim, defendant's Motion for sanctions was not properly filed and must, therefore, be dismissed.

Among the critical changes made to Rule 11 by the 1993 Amendments is the 21 day "safe harbor" provision. This provision allows an allegedly offending party a 21–day window to correct any offending submission. Specifically, Rule 11(c)(1)(A) states that a motion for sanctions under the Rule:

> shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Based on the docket filings before me, I conclude that defendant has failed to afford the plaintiff the 21–day "safe harbor" opportunity. Instead of serving plaintiff with the Motion for Sanctions and giving notice to the court of such service, the defendant, on March 31, 1997, filed its Motion for Sanctions (Docket No. 46) with this court and, on the same day, served the same Motion on the plaintiff. By simultaneously filing the Motions for sanctions with both the court and the plaintiff, defendant deprived plaintiff of the 21–day "safe harbor" in which time plaintiff could opt to withdraw his disputed filings.

Although the courts in the First Circuit have not yet squarely addressed the prerequisites for a sanctions motion under the 1993 Amendments to Rule 11, precedents from other circuits support the conclusion that a motion for Rule 11 sanction is barred where the moving party fails to provide the other party with a 21–day window within which to withdraw allegedly offending papers. *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995); *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2d Cir.1995); *Weeks Stevedoring, Co., Inc. v. Raymond Int'l Builders, Inc.*, 174 F.R.D. 301, 305 (S.D.N.Y.1997); *Photocircuits Corp. v. Marathon Agents, Inc.*, 162 F.R.D. 449, 451–52 (E.D.N.Y.1995).

For the reasons stated above, defendant's Motion for Rule 11 sanctions is dismissed.

### ORDER

For the foregoing reasons, it is ORDERED:

8

(a) The hearing scheduled for July 18, 1997 at 3:30 is canceled;

(b) The Clerk is directed to enter forthwith on a separate document a Final Order as follows:

For the reasons stated in the separate Memorandum and Order of this date, it is ORDERED:

(1) Plaintiff's request for sanctions based on Fed.R.Civ.P. 11 and Fed.R.Civ.P. 56(g) (Docket No. 42, filed February 12, 1997) is DENIED;

(2) Plaintiff's motion for "equitable relief from summary judgment and a new trial" (Docket No. 44, filed March 3, 1997) is DENIED;

(3) Plaintiff's motion for summary judgment (Docket No. 53, filed April 14, 1997) is DENIED;

(4) Defendant's motion for sanctions based on Fed.R.Civ.P. 11 (Docket No. 46, filed March 31, 1997) is DISMISSED for failure to comply with the safe harbor provision of that rule.