[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 96-2281

BEN-TOVIM, AHARON,

Plaintiff, Appellant,

v.

YEDIOTH ISRAEL, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy J. Gertner, U.S. District Judge]

Before

Selya, Circuit Judge,
Cyr, Senior Circuit Judge,
and Lynch, Circuit Judge.

Ben-Tovim, Aharon on brief pro se.
Frances S. Cohen, Anne L. Showalter and Hill & Barlow on brief for
appellee, Yedioth Ahronoth, Ltd.

July 18, 1997


Per Curiam. Plaintiff-appellant Ben-Tovim Aharom

appeals pro se from the denial of a postjudgment motion to

vacate a forum non conveniens dismissal. We affirm.

Although the motion to vacate did not cite to any

rule (or other authority for bringing a collateral attack on

the judgment), we construe it as a Rule 60(b) motion. The

motion was predicated on alleged newly discovered

misrepresentations by defendant Yedioth Ahronoth, Ltd.

However, Aharon could not challenge the judgment under

60(b)(2) (newly discovered evidence) or 60(b)(3) (fraud or

misrepresentation) because, under the terms of the rule, any

such motion must be made within one year after the entry of

judgment. Baltia Air Lines, Inc. v. Transaction Management,

Inc., 98 F.3d 640, 642 (D.C. Cir. 1996); Gonzalez v.

Walgreens Co., 918 F.2d 303, 305 (1st Cir. 1990). The

judgment of dismissal was entered on April 3, 1995 and the

current action was filed on June 24, 1996, more than fourteen

months later.

In addition, Aharon failed to demonstrate a

60(b)(6) claim, a claim not subject to a specific limitations

period, because he failed to show extraordinary

circumstances. See Valley Citizens for a Safe Env't v.

Aldridge, 969 F.2d 1315, 1317 (1st Cir. 1992) ("A district

court will grant a Rule 60(b)(6) motion only if it finds

'exceptional' circumstances that justify 'extraordinary

-2-

relief.") (citation omitted). Most notably, he failed to

present any reason justifying departure from the normal

maximum limitation period required by 60(b)(2) and 60(b)(3).

See Simon v. Navon, 1997 WL 279921, at *5 (1st Cir. June 2,

1997). He also failed to show that his case (or any part of

it) cannot proceed in Israel.1  1

Finally, although Aharon has not raised the point,

we do not think the circumstances of this case sustain an

independent action for "fraud upon the court." Accordingly,

the decision of the district court denying the motion to

vacate is affirmed.



1Indeed, although Aharon suggests that his invasion of 1
privacy claim cannot proceed in Israel because it is barred
by the relevant statute of limitations, his Israeli attorney
opines that Yedioth Ahronoth, Ltd. has waived any statute of
limitations defense.

-3-