USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2281 BEN-TOVIM, AHARON, Plaintiff, Appellant, v. YEDIOTH ISRAEL, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy J. Gertner, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Ben-Tovim, Aharon on brief pro se. _________________ Frances S. Cohen, Anne L. Showalter and Hill & Barlow on brief for _________________ __________________ _____________ appellee, Yedioth Ahronoth, Ltd. ____________________ July 18, 1997 ____________________ Per Curiam. Plaintiff-appellant Ben-Tovim Aharom __________ appeals pro se from the denial of a postjudgment motion to ___ __ vacate a forum non conveniens dismissal. We affirm. _____ ___ __________ Although the motion to vacate did not cite to any rule (or other authority for bringing a collateral attack on the judgment), we construe it as a Rule 60(b) motion. The motion was predicated on alleged newly discovered misrepresentations by defendant Yedioth Ahronoth, Ltd. However, Aharon could not challenge the judgment under 60(b)(2) (newly discovered evidence) or 60(b)(3) (fraud or misrepresentation) because, under the terms of the rule, any such motion must be made within one year after the entry of judgment. Baltia Air Lines, Inc. v. Transaction Management, ______________________ _______________________ Inc., 98 F.3d 640, 642 (D.C. Cir. 1996); Gonzalez v. ____ ________ Walgreens Co., 918 F.2d 303, 305 (1st Cir. 1990). The ______________ judgment of dismissal was entered on April 3, 1995 and the current action was filed on June 24, 1996, more than fourteen months later. In addition, Aharon failed to demonstrate a 60(b)(6) claim, a claim not subject to a specific limitations period, because he failed to show extraordinary circumstances. See Valley Citizens for a Safe Env't v. ___ ___________________________________ Aldridge, 969 F.2d 1315, 1317 (1st Cir. 1992) ("A district ________ court will grant a Rule 60(b)(6) motion only if it finds 'exceptional' circumstances that justify 'extraordinary -2- relief.") (citation omitted). Most notably, he failed to present any reason justifying departure from the normal maximum limitation period required by 60(b)(2) and 60(b)(3). See Simon v. Navon, 1997 WL 279921, at *5 (1st Cir. June 2, ___ _____ _____ 1997). He also failed to show that his case (or any part of it) cannot proceed in Israel.1  1 Finally, although Aharon has not raised the point, we do not think the circumstances of this case sustain an independent action for "fraud upon the court." Accordingly, the decision of the district court denying the motion to vacate is affirmed. ________  ____________________ 1Indeed, although Aharon suggests that his invasion of 1 privacy claim cannot proceed in Israel because it is barred by the relevant statute of limitations, his Israeli attorney opines that Yedioth Ahronoth, Ltd. has waived any statute of limitations defense. -3-