# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3084

_____

In re: David A. Russ,            *
                               *

            Debtor.         *
                               *

-------------------------------------------------

Kevin J. Lamson,          *   Appeal from the United States
                              *   Bankruptcy Appellate Panel

           Appellant,      *   for the Eighth Circuit.
                              *

     v.                      *
                              *

David A. Russ,           *
                              *

          Appellee.       *

_____

Submitted: April 28, 1999
Filed: August 13, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

LOKEN, Circuit Judge.

David A. Russ filed a voluntary Chapter 7 bankruptcy petition on July 10, 1987, and received a bankruptcy discharge in 1989. In 1993, creditor Kevin J. Lamson moved to reopen the bankruptcy case to administer allegedly undisclosed assets. In 1996, the bankruptcy court granted Lamson's motion to compel, and Russ filed a First

Amended Petition and schedules correcting wholesale omissions in his initial Petition and schedules. Lamson filed another motion to compel, alleging that Russ had not yet accurately disclosed the bankruptcy estate's income, assets, and financial affairs as of July 10, 1987. The bankruptcy court granted this motion, and Russ filed a Second Amended Petition and schedules in December 1997. In January 1998, Lamson filed the present motion against Russ and his attorneys, seeking sanctions under Rule 9011 of the Federal Rules of Bankruptcy Procedure and the initiation of contempt proceedings for their allegedly fraudulent bankruptcy filings. The bankruptcy court denied Lamson relief and ordered him to pay Russ's reasonable expenses and attorneys' fees incurred in opposing the motion. The Eighth Circuit Bankruptcy Appellate Panel summarily affirmed. Lamson appeals. We have jurisdiction over appeals from final decisions of the Bankruptcy Appellate Panel. See 28 U.S.C. § 158(d). After careful review of the record, we reverse the sanction imposed upon Lamson and otherwise affirm.

Russ's 1987 Petition included a Statement of Financial Affairs for Debtor Not Engaged in Business, disclosing that he was employed as Sales Manager for Damark International, Inc., earning a salary of $38,000 per year. By contrast, his First Amended Petition in 1996 included a Statement of Financial Affairs for Debtor Engaged in Business, disclosing a dozen businesses in which Russ was an investor or officer in the six years prior to July 1987, and disclosing he was an officer and director of Damark. We have serious doubt whether Russ would have been granted a discharge if these non-disclosures had come to light before he was granted a discharge in 1989. See Mertz v. Rott, 955 F.2d 596 (8th Cir. 1992). Moreover, at least one of his undisclosed pre-bankruptcy ventures turned out to be financially significant. In June 1986, a portion of Damark's initial capitalization was issued or sold to Russ or his nominee. By the mid-1990s (after his discharge), Russ owned Damark stock worth over $5,000,000. Lamson claimed that the stock Russ owned after discharge was the profitable outgrowth of the stock he failed to disclose in his 1987 bankruptcy Petition,

in other words, that the $5,000,000 in Damark stock was properly an asset of the reopened bankruptcy estate.

To pursue that claim, Lamson and two associates formed DLH, Inc., which purchased the trustee's interest from the reopened estate for $350,000 and then commenced an action in state court to enforce the trustee's right to the now-valuable Damark stock. Unfortunately for Lamson, the Minnesota Supreme Court held that Russ did *not* own any Damark stock when he filed for bankruptcy. See DLH, Inc., v. Russ, 566 N.W.2d 60 (Minn. 1997), which sets forth many additional background facts. Because Lamson's motion for sanctions followed his failure to recover in state court the one undisclosed asset of real value, the bankruptcy court described this motion as "an attempt by Kevin J. Lamson to strike a final blow in the waning hours of a protracted legal battle." The court denied the motion and imposed an attorney's fee sanction on Lamson because he "presented only accusatory allegations and arguments to dispute the veracity of the statements made in the Debtor's amended petitions and schedules."

In the bankruptcy court, Lamson's memoranda supporting his motion for sanctions and contempt remedies focused primarily on Russ's 1996 and 1997 amended petitions and schedules, as did the bankruptcy court's lengthy opinion. From this perspective, we agree with the bankruptcy court's analysis. In response to Lamson's second motion to compel, the court found that the First Amended Petition and schedules contained "technical" inaccuracies and required additional disclosures in the Second Amended Petition and schedules. Lamson's motion for sanctions attacked the Second Amended Petition and schedules as false and incomplete, but his allegations to that effect were conclusory and unsupported. On appeal, Lamson argues he was entitled to an evidentiary hearing. But in deciding a motion for sanctions at this late date, the bankruptcy court could draw on the eight-year litigation record and properly expected Lamson to make a detailed showing if he believed that record was inadequate.

Lamson's motion also expressly sought Rule 9011 sanctions against debtor Russ for filing an allegedly fraudulent initial Petition and schedules in July 1987.[1]  A review of the disclosures in Russ's First Amended Petition and schedules demonstrates that his initial Petition and schedules were deficient in numerous respects.  The omissions were so serious that, had the bankruptcy court made findings of bad faith or intentional non-disclosures, sanctions against Russ in any amount up to the $350,000 DLH paid the bankruptcy estate for the right to litigate ownership of the Damark stock, plus its attorney's fees in unsuccessfully litigating that claim, might well have been warranted.  However, the fact that such a sanction could have been imposed does not mean the bankruptcy court was obliged to impose it.  That court, having ordered the filing of two amended petitions and schedules, was well-acquainted with the bankruptcy case, including the deficiencies in the initial Petition.  That court was in the best position to make judgments on critical issues such as the materiality of Russ's initial non-disclosures.  We conclude the bankruptcy court did not abuse its discretion when it denied Lamson's motion for sanctions and contempt remedies.  See In re Coones Ranch, Inc., 7 F.3d 740, 743 (8th Cir. 1993) (standard of review).

That leaves the question whether the bankruptcy court abused its discretion in ordering Lamson to pay Russ's reasonable expenses and attorneys' fees incurred in opposing this motion.  A sanction of this type is warranted if a party's pleading "was not grounded in fact nor by existing law or a good faith argument for an extension, modification, or reversal of the existing law."  In re Mahendra, 131 F.3d 750, 759 (8th Cir. 1997), cert. denied, 118 S. Ct. 1678 (1998).  The court imposed the sanction because of "the lack of evidentiary support for Lamson's motion."  But that is only true of Lamson's attack on the amended petitions and schedules.  The record contains substantial evidence -- reflected in the amended petitions and schedules themselves -- that Russ's initial Petition and schedules contained material non-disclosures.  Viewing

---

[1]This portion of the motion does not involve Russ's present attorneys, who did not sign the July 1987 Petition as attorneys for debtor Russ.

the record as a whole, creditor Lamson ferreted out a less-than-candid bankruptcy petition and enriched the bankruptcy estate by $350,000 in the course of unsuccessfully pursuing a claim to recover one of the debtor's undisclosed assets. No sanction should be imposed *in favor of the debtor* because the creditor in this situation also urged the bankruptcy court to impose Rule 9011 sanctions for the debtor's lack of candor, at least when the record, as here, reflects a tenable basis for the creditor's allegation of fraudulent or reckless non-disclosures. See In re Excello Press, Inc., 967 F.2d 1109, 1115 (7th Cir. 1992). Therefore, the award of sanctions against Lamson is reversed.

The portion of the Bankruptcy Appellate Panel's judgment affirming the bankruptcy court's imposition of sanctions against Lamson is reversed. In all other respects, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.