# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2042

_____

| | |
|---|---|
| In re:  David A. Russ, | * |
| | * |
| Debtor, | * |
| | * |
| ----------------------------------------------- | * |
| | *  Appeal from the United States |
| Kevin J. Lamson, | *  District Court for the |
| | *  District of Minnesota. |
| Appellant, | * |
| | *  **[UNPUBLISHED]** |
| v. | * |
| | * |
| David A. Russ, | * |
| | * |
| Appellee. | * |

_____

Submitted: March 26, 2001
Filed: March 29, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Kevin Lamson continues his extended post-discharge effort to pull a valuable asset, stock in Damark Corporation, into David Russ's bankruptcy estate.  Relevant background is set forth in In re Russ, 187 F.3d 978 (8th Cir. 1999).  In this proceeding, Lamson moved to compel Russ to amend his bankruptcy schedules to include his

partnership interest in RuWest, which allegedly owned Damark stock. The bankruptcy court[1] denied the motion, finding that Russ and his partner had dissolved RuWest and conveyed their interest in its assets to Russ's wife some two years before Russ filed for bankruptcy. On appeal, the district court[2] affirmed, and Lamson now appeals to this court. Having reviewed the record, we agree with the district court that the bankruptcy court's critical findings of fact are not clearly erroneous. Indeed, they are consistent with, if not commanded by, the fact finding in earlier state court litigation in which Lamson unsuccessfully sought to recover Damark stock. See DLH, Inc. v. Russ, 566 N.W.2d 60 (Minn. 1997).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE NANCY C. DREHER, United States Bankruptcy Judge for the District of Minnesota.

[2]The HONORABLE ANN D. MONTGOMERY, United States District Judge for the District of Minnesota.