In re Kenneth MARSELLA, Debtor.

Stanley Goldberg, Plaintiff,

v.

Kenneth Marsella, Defendant.

Bankruptcy No. 02–11431.
Adversary No. 02–1078.

United States Bankruptcy Court,
D. Rhode Island.

Jan. 24, 2003.

Peter J. Furness, Nixon, Peabody LLP, Stephen A. Rodio, Rodio & Brown, Providence, RI, for creditor.

Kenneth S. Marsella, East Greenwich, RI, pro se.

Andrew S. Richardson, Boyajian, Harrington & Richardson, Providence, RI, for trustee.

### ORDER DENYING MOTION FOR SANCTIONS

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the motion of the Defendant, Kenneth Marsella to disqualify Plaintiff's counsel, Steven Rodio, Esq., and on Rodio's motion for sanctions against the Defendant, alleging that the disqualification motion lacked any foundation in fact or law. At the conclusion of the hearing on the disqualification issue, and finding no conflict of interest on the part of Attorney Rodio, I denied Marsella's motion for disqualification and set the sanctions motion for an evidentiary hearing. At the conclusion of that hearing, at which Messrs. Marsella and Rodio testified, the Defendant requested additional time to produce documentary evidence. I granted the request and concluded the hearing on the sanctions motion on January 19, 2003. Upon review of the entire record it is clear

**558**

that Rodio has failed to satisfy the safe harbor provision of Rule 9011 prior to filing his request for sanctions. Therefore, the motion must be denied.

While Rodio does not reference any legal authority in his papers, such motions are authorized under Fed. R. Bankr.P. 9011, which states in part:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How initiated

    (A) By motion

> ▬▬ A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. *The motion for sanctions may not be filed with or presented to the court unless,* within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).

Fed. R. Bankr.P. 9011(c) (emphasis added). The rule requires a two-step process when initiated by motion(1) the party seeking sanctions must serve the motion on the opposing party and then must wait at least twenty-one days; (2) if after twenty-one days the offending motion or pleading has not been withdrawn by the opposing party, then (and only then) may the sanctions motion be filed with the Court. *In re Russ,* 218 B.R. 461, 468 (Bankr.D.Minn. 1998), *rev'd on other grounds,* 187 F.3d 978 (8th Cir.1999); *In re Kelsey,* 2001 WL 34050741 (Bankr.D.Vt.2001). This procedure allows a party to avoid the imposition of sanctions by withdrawing the offending motion within the safe harbor period. Rodio's failure to provide Marsella the opportunity to withdraw the motion for disqualification is fatal to the motion for sanctions. *See In re Kelsey,* 2001 WL 34050741 (Bankr.D.Vt.2001); *Martins v. Charles Hayden Goodwill Inn School,* 178 F.R.D. 4, 7 (D.Mass.1997) (Construing the safe harbor provision under F.R.C.P. 11 which is substantially similar to Rule 9011); *Waters v. Walt Disney World Co.,* 237 F.Supp.2d 162 (D.R.I.2002) (Same). Accordingly, the Motion for sanctions is DENIED.

In order to salvage some of the time and energy expended in hearing the testimony of Messrs. Marsella and Rodio on the sanctions issue, I also rule that the evidence to date does not establish a basis for Rodio's disqualification, and that any motion to reconsider based on the entire record would be denied.

The ruling herein on the sanctions issue renders that question moot, and the hearing scheduled for January 30 is vacated.