UNITED STATES of America, et al., Plaintiffs, Appellees,

v.

Carlos MARIN, Defendant, Appellee.

Caribbean Restaurants, Inc., Defendant, Appellant.

No. 83–1301.

United States Court of Appeals, First Circuit.

Argued Oct. 3, 1983.

Decided Nov. 4, 1983.

Rehearing Denied Dec. 2, 1983.

See also, 1 Cir., 651 F.2d 24.

Nestor M. Mendez-Gomez, San Juan, P.R., with whom McConnell Valdes Kelley Sifre Griggs & Ruiz-Suria, San Juan, P.R., was on brief, for defendant, appellant.

John J. McCarthy, Atty., Tax Div., Dept. of Justice, Washington, D.C., with whom Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, David E. Carmack, Attys., Tax Div., Dept. of Justice, Washington, D.C., and Daniel F. Lopez-Romo, U.S. Atty., Hato Rey, P.R., were on brief, for United States of America, et al.

Before COFFIN and BOWNES, Circuit Judges, and SMITH,* Senior District Judge.

PER CURIAM.

This is an appeal by defendant-appellant, Caribbean Restaurants, Inc., from the district court's denial of its motion pursuant to Federal Rule of Civil Procedure 60(b)[1] for relief from judgment.

The case involves the Hotel Normandie property in Old San Juan. The United States and the receiver appointed for the company that operated the hotel property, Escambron Development Company, brought an action to enforce federal tax liens and claims against the property rights of the delinquent taxpayer, Felix Benitez Rexach, in the hotel property. The relief sought was a decree holding that the claimed leasehold interests of Carlos Marin and Caribbean Restaurants, Inc., in the hotel property were not valid or, at least, were junior in priority to the claims of the United States.

On February 27, 1980, the district court entered a judgment declaring the leasehold interests of Carlos Marin and Caribbean null and void and holding them liable to the receiver in the amount of $66,450 for their unauthorized use of a part of the hotel property. The judgment was affirmed by this court on May 22, 1981, *United States v. Marin,* 651 F.2d 24 (1st Cir.1981). Caribbean's petition for rehearing was denied on June 22, 1981.

On June 22, 1982, twenty-eight months after the judgment was entered, Caribbean filed a Rule 60(b) motion seeking relief from that part of the judgment holding it liable to the receiver in the amount of $66,-450. Caribbean alleged that the portion of the hotel property it occupied was not owned by Escambron, but by the Commonwealth of Puerto Rico. It also maintained that "the Receiver has known for some time that part of said property did not belong to the Escambron Development Company, and he possibly knew of said fact at the time of the trial of the above case." Caribbean further averred that it "did not know and could not know" of the ownership of the property by the Commonwealth.

---

* Of the District of Montana, sitting by designation.

1. Fed.R.Civ.P. 60(b) provides in pertinent part:

   (b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Caribbean has, albeit in a roundabout fashion, alleged newly discovered evidence and fraud by an adverse party; reasons (2) and (3) under Federal Rule of Civil Procedure 60(b) for obtaining relief from judgment.

Even assuming that Caribbean's substantive claims have merit, which is doubtful, no relief can be granted. Federal Rule of Civil Procedure 60(b) provides specifically: "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Caribbean's Rule 60(b) motion was made twenty-eight months after judgment was entered against it, sixteen months after the expiration of the one-year period mandated by the rule. This is an absolute bar to relief from the judgment.

In *Ackermann v. United States*, 340 U.S. 193, 197, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950), the Court held that no relief was available under Rule 60(b)(1) where the motion was made more than a year after the judgment was entered. This holding applies with the same force to (b)(2) and (3) reasons. *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 701–02 (2d Cir.), *cert. denied*, 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139 (1972). *See* 11 Wright & Miller, Federal Practice and Procedure § 2866 at 233–34 (1983); 7 Moore's Federal Practice § 60.22[4] (1982).

Appellant is time-barred from proceeding under Rule 60(b).

*Appeal dismissed.*