966 F.2d 1440
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jose Otero LABORDE, Plaintiff, Appellant,
v.
INTERNATIONAL GENERAL ELECTRIC COMPANY, et al., Defendants, Appellees.
 No. 91-1987.
 United States Court of Appeals,
First Circuit.
 June 29, 1992
 
 Jose M. Otero Laborde on brief pro se.
 Francisco Agrait-Oliveras on brief for co-defendant and co-appellee General Electric Company.
 Rafael Escalera-Rodriguez and Lasa, Escalera & Reichard on brief for defendant-appellee Mallinckrodt Corporation.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 On February 26, 1987, plaintiff-appellant Jose Otero Laborde, along with several relatives, filed through counsel a diversity complaint in the District of Puerto Rico against defendants-appellees International General Electric Co. ("GE") and Mallinckrodt, Inc. ("Mallinckrodt"). The complaint alleged that Ruben Otero Laborde, plaintiffs' relative, died from anaphylactic and respiratory arrest suffered while undergoing a CT scanning test at the CT Scan and Radiology Center in Hato Rey, Puerto Rico. Under products liability theories, relief was sought against GE as the manufacturer of the test machine, and against Mallinckrodt as the manufacturer of Conray 60, the contrast medium injected into the deceased as part of the medical procedure. The main theory of recovery was that both GE and Mallinckrodt had failed to adequately warn of risks associated with use of their products.
 
 
 2
 A jury trial commenced on plaintiffs' claims on October 11, 1988. On the third day of trial, the district court granted GE's motion for a directed verdict on the ground that plaintiffs' evidence against GE was insufficient to support recovery. Mallinckrodt's motion for a directed verdict was denied. At the conclusion of the trial, plaintiffs and Mallinckrodt informed the court that they had agreed to a settlement stipulation. Accordingly, the jury never deliberated. The district court entered judgment for GE and also entered judgment dismissing the complaint against
 
 
 3
 Mallinckrodt pursuant to the parties' stipulation. Plaintiffs filed a notice of appeal to this court, but on December 12, 1988, the district court granted plaintiffs' motion to withdraw the notice of appeal.
 
 
 4
 On July 18, 1991, over two and one-half years later, plaintiff-appellant Jose Otero Laborde (hereinafter "Otero"), proceeding pro se purportedly on behalf of himself and the other plaintiffs, filed a motion to reopen the case on the ground that the district court's judgment was procured by fraud committed through a conspiracy between GE and Mallinckrodt. The district court summarily denied Otero's motion. Otero appeals. We affirm.
 
 
 5
 The district court's denial of Otero's motion was proper for several reasons. First, Otero filed the motion pro se on behalf of himself and the other plaintiffs. Otero has not denied appellees' assertions that he is not an attorney and has not been admitted to the bar of the District Court for the District of Puerto Rico or of this court. Although Otero may represent himself pro se, he cannot represent other plaintiffs. Thus, Otero's motion was properly denied insofar as it was filed on behalf of any plaintiff besides Otero himself.
 
 
 6
 Second, although Otero styled his motion as a "motion to reopen case" on grounds of fraud, the motion is, in substance, clearly filed under Fed. R. Civ. P. 60(b)(3). Rule 60(b) provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Rule 60(b)(3) describes precisely the kind of basis for relief from judgment that Otero's motion alleged.
 
 
 7
 Rule 60(b) goes on to provide, "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." We have held that untimeliness under this provision is "an absolute bar to relief from the judgment." United States v. Marin, 720 F.2d 229, 231 (1st Cir. 1983). In this case, Otero's July 18, 1991 motion to reopen-a Rule 60(b)(3) motion-was filed well over two years after the district court's October 18, 1988 judgment. Accordingly, Otero's motion was properly denied as untimely.
 
 
 8
 Finally, if more were needed, we would affirm the denial of Otero's motion on its merits. We would review the denial only for abuse of discretion. United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 660 (1st Cir. 1990); Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 3 (1st Cir. 1989).
 
 
 9
 Otero claims that medical expert witnesses at trial gave testimony that was inconsistent with a number of prior medical publications that the witnesses themselves had written. The publications, according to Otero, are far more favorable to Otero's position than the witnesses' testimony at trial. Otero characterizes the alleged discrepancy as fraudulent and asserts that it was the result of a conspiracy by GE and Mallinckrodt to defraud the court.
 
 
 10
 None of these witnesses were called by GE. Otero provides no factual substantiation whatsoever for his bald assertion that GE somehow improperly influenced their testimony.
 
 
 11
 All of the witnesses, instead, were Mallinckrodt witnesses. Otero reached a settlement agreement with Mallinckrodt. Thus, Otero's claims against Mallinckrodt were dismissed pursuant to the settlement stipulation, not pursuant to any jury or court determination that would have been influenced by the allegedly fraudulent testimony.
 
 
 12
 In any event, it is not at all clear from a review of the record, and of the medical publications supplied by Otero, that any genuine, thoroughgoing inconsistency existed. The district court would have acted well within its discretion to conclude that Otero's filing did not point to the kind of glaring contradictions that might conceivably suggest possible misconduct.
 
 
 13
 Having reviewed Otero's motion, we would also rule that the district court did not abuse its discretion in rejecting any other grounds for relief from judgment that Otero's motion could be read to raise.
 
 
 14
 In view of Otero's pro se status, GE's request that attorneys' fees be assessed against him is denied.
 
 
 15
 Otero's motion filed in this court to supplement the record is denied. The clerk is directed to return to Otero the materials he attached to his motion to supplement the record.
 
 
 16
 The district court's denial of Otero's Fed. R. Civ. P. 60(b) motion is affirmed.