# United States Court of Appeals
## For the First Circuit

---

No. 00-1554

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

ONE RURAL LOT NO. 10,356, ETC.,
Defendant.

_____

NITZA M. LAFUENTE-RIVERA AND GREGORIO ROSA-MEDINA,
Claimants, Appellants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

---

Before

Selya, Circuit Judge,

Coffin and Campbell, Senior Circuit Judges.

---

Luis Rafael Rivera on brief for appellants.
    Guillermo Gil, United States Attorney, Miguel A. Fernandez
and Isabel Muñoz-Acosta, Assistant United States Attorneys, on
brief for appellee.

---

January 26, 2001

---

**Per Curiam.** On September 5, 1997, the United States commenced a forfeiture action in the United States District Court for the District of Puerto Rico. In its verified complaint, the government described a particular parcel of improved land (Rural Lot No. 10,356) in Islote Ward, Arecibo, Puerto Rico (the Property), alleged that the Property had been used to facilitate the distribution of narcotics in violation of 21 U.S.C. § 856(a),[1] and claimed that the Property therefore was forfeitable under 21 U.S.C. § 881(a)(7). The claimants, Nitza LaFuente-Rivera and Gregorio Rosa-Medina, opposed the petition for forfeiture (denying that the Property had been used to facilitate drug trafficking, notwithstanding Rosa-Medina's conviction for federal narcotics offenses) and timely filed a claim.

---

[1]This statute renders it unlawful to —

    (1) knowingly open or maintain any place for the purpose of manufacturing, distributing, or using any controlled substance;
    (2) manage or control any building, room, or enclosure, either as an owner, lessee, agent, employee, or mortgagee, and knowingly and intentionally rent, lease, or make available for use, with or without compensation, the building, room, or enclosure for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

21 U.S.C. § 856(a).

In due course, the United States moved for summary judgment. The claimants filed an objection. Ruling on the papers, the district court granted summary judgment in the government's favor on February 24, 1999. Rosa-Medina did not appeal from the final order of forfeiture. LaFuente-Rivera initially filed a notice of appeal, but failed to follow through; we subsequently dismissed her appeal (No. 99-1512) for want of prosecution.

On July 13, 1999, the claimants moved for relief from judgment. See Fed. R. Civ. P. 60(b). The district court denied their request. This appeal followed.

We need not tarry. On appeal, the claimants argue only that the lower court should have set aside the judgment of forfeiture under Federal Rule of Civil Procedure 60(b)(4) (authorizing the district court to relieve a party from a final judgment if "the judgment is void"). At the core of their argument is the contention that the district court's judgment is void because the government, in its complaint for forfeiture, identified the "wrong" parcel of real estate (and that, therefore, the district court should have granted their motion to set aside that judgment).

In support of this contention, the claimants make a plausible showing that the criminal activity of which the

government complains occurred not on the Property, but on an adjacent parcel of real estate (owned by Rosa-Medina's sister). We reluctantly conclude, however, that this showing comes too late. "A motion for relief from judgment cannot be used merely to reargue a point already decided." Barrett v. Lombardi, ___ F.3d ___, ___ (1st Cir. 2001) [Nos. 00-1834, 00-1835, slip op. at 10]. By the same token, such a motion cannot serve as a surrogate for a direct appeal. Cotto v. United States, 993 F.2d 274, 278 (1st Cir. 1993). Against this well-defined legal backdrop, courts routinely have held parties to the predictable consequences of allowing adverse parties to configure the record. E.g., Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991).

This tendency has been particularly pronounced in cases involving Rule 60(b)(4). In application, that rule has been confined to a narrow class of cases. "A judgment is void, and therefore subject to relief under Rule 60(b)(4), only if the court that rendered judgment lacked jurisdiction or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process." United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990) (emphasis omitted). This extreme condition does not obtain here: the United States duly commenced the forfeiture

action, the district court plainly had jurisdiction over it, service was properly effected, and the government proffered a prima facie showing of probable cause to believe that the Property was subject to forfeiture. See United States v. 15 Bosworth St., ___ F.3d ___, ___ (1st Cir. 2001) [No. 00-1215, slip op. at 8]. The claimants' opposition to the motion for summary judgment raised the misidentification question, but failed to persuade. The claimants have offered no convincing reason why they should be allowed to raise the point anew.

In our view, the key to this appeal is that the identity of the parcel to which the probable cause showing pertained was not jurisdictional but, rather, merely an element of the government's case. Consequently, the district court had power to rule on the government's complaint and declare the Property forfeit. Even taking the claimants' current allegations as true (for argument's sake), the most that can be said is that the district court erred in granting the summary judgment motion. This is clearly not enough: an error in the exercise of jurisdiction is simply not the same thing as a total lack of jurisdiction — and only the latter demands judicial intervention under Rule 60(b)(4). See id. at 661-62. Put bluntly, a judgment is not void simply because it is or may have

-6-

been erroneous; it is void only if, from its inception, it was a legal nullity.  <u>Id.</u> at 661.

We need go no further.  The only issue cognizable on this appeal is the propriety <u>vel</u> <u>non</u> of the district court's denial of the motion for relief from judgment.  <u>See</u> <u>Hoult</u> v. <u>Hoult</u>, 57 F.3d 1, 3 (1st Cir. 1995) (confirming that, on an appeal from a denial of a Rule 60(b) motion, the court of appeals "may not consider the merits of the underlying judgment").  On that issue we hold, without serious question, that the district court did not err in refusing to grant the requested relief.  Although we are not without some sympathy for the claimants' position, the initial judgment was not a nullity. The real problem — if there is one — arises out of the claimants' failure diligently to pursue a direct appeal from the summary judgment order.  In this sense, then, they are the authors of their own misfortune.

**<u>Affirmed</u>.**