USA v. Currency, et al.                    CV-00-378-B    2/13/01
                    UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE


United States of America

        v.                                Civil No. 00-378-B
                                          Opinion No. 2001DNH031
$230,963.88 in United States
Currency, More or Less, et al.



                        MEMORANDUM AND ORDER

        In this civil forfeiture action, no potential claimants to

the defendants-in-rem responded to the government's complaint

prior to the filing deadline.  On November 16, 2000, I denied

Carol DeFrancesco's motion requesting permission to file a tardy

claim to the defendants-in-rem and an answer to the government's

complaint because I concluded that her attorney's failure to do

so in a timely manner was not the result of excusable neglect,

(Doc. No. 7).  Accordingly, I granted the government's motion for

an entry of default.  On November 28, 2000, I ordered that a

default judgment be entered against all potential claimants to

the defendants-in-rem, (Doc. No. 10).  DeFrancesco now moves,

pursuant to Federal Rule of Civil Procedure 60(b)(1), to set

aside that default judgment.  Because DeFrancesco demonstrates

neither a good reason for her default nor the existence of a potentially meritorious claim to the defendants-in-rem, I deny her motion.

## I. **DISCUSSION**[1]

DeFrancesco argues that the default judgment should be set aside because: (1) I should have allowed her to file her late claim and answer; and (2) she has a potentially meritorious claim to the defendants-in-rem. In support of her motion, she invokes Fed. R. Civ. P. 60(b)(1), which provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect.

See also Fed. R. Civ. P. 55(c) (stating that a court may set aside a default judgment in accordance with Rule 60(b)).

"Rule 60(b) is a vehicle for extraordinary relief," and, therefore, "motions invoking the rule should be granted only under exceptional circumstances." Torre v. Continental Ins. Co., 15 F.3d 12, 14-15 (1st Cir. 1994) (internal quotation marks and citation omitted). Thus, in order to prevail on her motion,

---

[1] The relevant background facts are set forth in my Memorandum and Order dated November 16, 2000, (Doc. No. 7).

-2-

DeFrancesco "bears the heavy burden of showing both a good reason for the default and the existence of a meritorious defense." United States v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops, 857 F.2d 46, 48 (1st Cir. 1988); see United States v. One Lot of $25,721.00 in Currency, 938 F.2d 1417, 1421 (1st Cir. 1991).

DeFrancesco asserts that her attorney failed to file a timely claim against the defendants-in-rem because she had not yet decided whether to file a claim and, therefore, her attorney did not have her authority to file a claim. This is the exact same argument that she advanced, and I rejected, in her prior motion seeking permission to file a late claim and answer.[2]

A Rule 60(b)(1) motion, however, "cannot serve as a surrogate for a direct appeal." United States v. One Rural Lot, No. 00-1554, 2001 WL 55674, *1 (1st Cir. Jan. 26, 2001) (per curiam). Accordingly, it cannot be used to reargue the merits of "a point already decided." Barrett v. Lombardi, Nos. 00-1834, 00-1835, 2001 WL 29313, *4 (1st Cir. Jan. 17, 2001); see Broadway

_____

[2] Although DeFrancesco offers her attorney's affidavit in support of her argument, that affidavit merely restates information contained in her prior pleadings.

v. Norris, 193 F.3d 987, 990 (8th Cir. 1999); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996); 11 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 2858 (2d ed. 1995) (observing that "relief will not be granted under Rule 60(b)(1) merely because a party is unhappy with the judgment."). Because DeFrancesco reargues an argument that I previously rejected, and offers no new facts supporting that argument, I find that she fails to show a good reason for her default. See Cashner, 98 F.3d at 577; 11 Wright & Miller, supra § 2858.

Because I conclude that DeFrancesco fails to show a good reason for her default, I need not dwell on whether she has a meritorious claim to the defendants-in-rem. See One Lot of $25,721.00 in Currency, 938 F.2d at 1422. I simply note that DeFrancesco's conclusory assertion that she has a meritorious claim to the defendants-in-rem does not satisfy her burden under Rule 60(b)(1). See Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., Inc., 953 F.2d 17, 21 (1st Cir. 1992) (stating that a movant must offer more than an "unsubstantiated boast" and that "[e]ven an allegation that a meritorious claim exists, if the allegation is

purely conclusory, will not suffice to satisfy the precondition to Rule 60(b) relief").

## II.  CONCLUSION

For the foregoing reasons, I deny DeFrancesco's motion to set aside the default judgment, (Doc. No. 11).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

February 13, 2001

cc:  Jean B. Weld, Esq.
     Peter V. Grillo, Esq.