In re Charles D. GAUVIN, Debtor.

Bay Loan & Investment
Bank, Plaintiff,

v.

Charles D. Gauvin, Defendant.

Bankruptcy No. 97–15240.
Adversary No. 98–1040.

United States Bankruptcy Court,
D. Rhode Island.

May 31, 2001.

Brian J. Spero, Tracy C. Baran, Partridge Snow & Hahn LLP, Providence, RI, for Plaintiff.

John P. McCoy, Carroll, Kelly & Murphy, Providence, RI, for Defendant.

Peter G. Berman, Raskin & Berman, Providence, RI, for Debtor.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

The Debtor has moved to reopen Adversary Proceeding No. 98–1040 for the purpose of amending a judgment entered on October 19, 1998. Bay Loan and Investment Bank ("Bay Loan"), the Plaintiff in

the adversary proceeding, objects, arguing that the Debtor has not shown just cause why such relief should be granted at this late date. For the reasons discussed below, the motion to reopen is denied.

### BACKGROUND

On August 11, 1987, Charles Gauvin executed four promissory notes, each in the principal amount of $61,500, in favor of Homeowners Funding Corp., Bay Loan's predecessor-in-interest. The notes were secured by real estate located in Charlestown, Rhode Island. On or about April 2, 1992, Gauvin was convicted of bank fraud in connection with the 1987 loans, was sentenced to prison and ordered to pay $250,000 in restitution to Bay Loan. Subsequently, Bay Loan brought a civil action in the United States District Court for the District of Rhode Island against Gauvin for default under the four promissory notes. In July 1995, the district court found in favor of Bay Loan and entered judgment against Gauvin in the amount of $240,000, plus interest. On December 18, 1997, Gauvin filed a petition under Chapter 7 of the Bankruptcy Code.

On March 23, 1998, Bay Loan filed a § 523 complaint against Gauvin, and on June 11, 1998, based on principles of collateral estoppel, I granted Bay Loan's Motion for Summary Judgment, finding Gauvin's debts to Bay Loan nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (B). Because the amount of the debt appeared disputed, that issue was left open, the parties were informed that a hearing would be scheduled to liquidate the amount due, *see* Order dated June 11, 1998, Docket No. 11, and they were instructed to file a Joint Pre–Trial Order on or before September 16, 1998. On September 16, 1998, Bay Loan filed a one-sided Pre–Trial Order, and an affidavit indicating that attempts by Bay Loan's counsel to involve the Debt-

or's attorney, Peter Berman, Esq., in the joint pretrial order process were unsuccessful—hence the single signature. *See* Joint Pre–Trial Order and Affidavit, Docket Nos. 13 & 14. On September 18, 1998, Mr. Berman filed a response to Bay Loan's affidavit stating:

> In light of the Court's interlocutory decision concerning partial summary judgment and of the facts set forth in the Joint Pre–Trial Order Defendant does not intend to litigate further the issues presented in its Adversary Proceeding. Nothing contained herein implies any waiver of the Defendant's rights of appeal with respect to issues resolved in this Court's order of partial summary judgment.

Response of Defendant, Docket No. 15.

On October 9, 1998, Bay Loan submitted a proposed Order setting its claim in the amount of $702,501. *See* Proposed Order, Docket No. 16. In accordance with this Court's customary practice at the time, the Order was held for ten days, and, with no objection filed, on October 19, 1998, I approved the Order. *See* Docket No. 17. No appeal was filed, and the adversary proceeding was closed. Nearly two years later on December 6, 2000, the Debtor filed the instant motion to re-open, arguing that the Order entered on October 19, 1998 (Docket No. 17), double counts the criminal restitution judgment and the civil judgment, giving Bay Loan a huge windfall. Bay Loan denies the double counting allegation and argues that even if the Debtor had timely made that argument, it (Bay Loan) would have objected, litigated, and prevailed on the issue. Bay Loan argues that it is too late to raise *any* issues, and that the Debtor has given no justification for waiting so long to raise this issue.

### DISCUSSION

■ A case may be reopened "to administer assets, to accord relief to the debtor,

or for other cause." 11 U.S.C. § 350(b). The Debtor seeks to reopen his case to obtain relief from the Order and Judgement entered on October 19, 1998. Relief from judgments is governed by Fed. R.Civ.P. 60(b) which is made applicable in bankruptcy under Fed. R. Bankr.P. 9024. The rule states in part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b). While the Debtor fails to reference the part of Rule 60(b) upon which he relies, the only one possibly applicable in this case is subsection 1–"mistake, inadvertence, surprise, or excusable neglect," which requires that any motion under Section 60(b)(1) be made "not more than one year after the judgment." Here,

the Debtor waited two years after the judgment to file his motion.

■ We have recently addressed late motions under Rule 60(b) in *In re Silver Spring Center*, 251 B.R. 17 (Bankr.D.R.I. 2000):

Motions based on the grounds set forth in 60(b)(1), (2) or (3), must be brought "not more than one year after the judgement, order, or proceeding was entered or taken," Fed.R.Civ.P. 60(b), and although the rule requires that the motion be made within a reasonable time, there is an absolute bar to relief under subsections 1–3 if the motion is made after the expiration of one year. *U.S. v. Marin*, 720 F.2d 229, 231 (1st Cir.1983); *see also Pioneer Investment Servs. [Company v. Brunswick Associates Limited Partnership]*, 507 U.S. [380] at 393, 113 S.Ct. 1489, [123 L.Ed.2d 74 (1993)] ("These provisions [Rule 60(b)(1) and Rule 60(b)(6) ] are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6).")

251 B.R. at 20. The "catch-all" provision of Rule 60(b)(6) may be invoked only when the other reasons contained in the rule do not apply. *Id.*; *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) ("A party may 'not avail himself of the broad "any other reason" clause of 60(b)' if his motion is based on grounds specified in clause (1)-'mistake, inadvertence, surprise or excusable neglect.' "). So the Debtor must lose for that reason, but even if he could somehow overcome the time bar obstacle, he has given absolutely no reason why he did not act in a more timely manner, or why he elected not to contest the amount of the judgment in the first place. For these reasons, as well,

the Debtor's Motion to Reopen is DE-NIED.

Enter judgment consistent with this opinion.