Margaret **CORLISS**, Plaintiff,

v.

Jo Anne **BARNHART**,[1] Commissioner of the Social Security Administration, Defendant.

No. CIV.A.2001–10832–RB.

United States District Court,
D. Massachusetts.

Sept. 30, 2002.

---

**1.** Larry B. Massanari, the original defendant in this action, was sued in his official capacity only. On November 9, 2001, Mr. Massanari was succeeded by Jo Anne Barnhart as Commissioner of the Social Security Administration. Thus, pursuant to Fed.R.Civ.P. 25(d)(1), Ms. Barnhart has automatically become the defendant in this case. See Fed.R.Civ.P. 25(d)(1).

Michael James Kelley, Boston, for Margaret Corliss, Plaintiff.

Rayford A. Farquhar, United States Attorney's Office, Boston, for Jo Anne B. Barnhart, Defendant.

*MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION AND RELIEF FROM ORDER PURSUANT TO RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO RULE 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE (# 19)*

COLLINGS, United States Magistrate Judge.

### I. Introduction

To recap briefly the significant procedural history of this litigation to date, the plaintiff, Margaret Corliss (hereinafter "Corliss" or "the plaintiff"), instituted the instant action on May 31, 2001. It is alleged in the complaint (# 3) that if the defendant, Jo Anne Barnhart, the Commissioner of the Social Security Administration (hereinafter "the Commissioner" or "the defendant"), reopens and reviews the plaintiff's case, such action "would violate the Social Security Act, principles of due process set forth in the United States Constitution, and existing Circuit case law." (# 3 at ¶ 11) On October 29, 2001, Corliss filed a motion seeking a court order prohibiting the defendant from reopening and reviewing the plaintiff's application for social security benefits. (# 9) On November 8, 2001, the Commissioner filed a motion to

dismiss the complaint (# 13) for lack of jurisdiction, but did not file an opposition to the plaintiff's motion. Roughly three months thereafter on February 11, 2002, Corliss' motion was granted by Judge Wolf, the district judge to whom this case was then assigned. (# 18)[2] Judge Wolf did not rule on defendant's motion to dismiss for lack of jurisdiction before granting plaintiff's motion.

The motion for reconsideration and relief from order (# 19) now at hand was submitted by the Commissioner on February 21, 2002. In her brief in support of the motion, the defendant admits to negligence in earlier filing a motion to dismiss rather than an opposition to the plaintiff's motion to prohibit. At this juncture the Commissioner seeks to have Judge Wolf's Order (# 18) vacated because, in her view, her filing error constitutes excusable neglect or mistake pursuant to the Federal Rules of Civil Procedure, Rule 60(b)(1). Alternatively it is argued the Order should be vacated pursuant Fed.R.Civ.P. 60(b)(4) because the Order was invalid due to lack of subject matter jurisdiction. Corliss opposes the defendant's motion (# 24) and, with the record complete, the issues are poised for resolution.

### II. The Facts

The plaintiff filed applications for Social Security Disability Income ("SSDI") and Supplemental Security Income ("SSI") benefits on May 14, 1997, claiming she was disabled as a result of a heart attack she suffered on April 7, 1996. (TR at 102–4; 242–6)[3] Her applications were denied initially (TR at 73, 248) and on reconsidera-

---

**2.** On March 1, 2002, with the parties' consent this case was referred and reassigned to the undersigned for all purposes, including trial and the entry of judgement, pursuant to 28 U.S.C. § 636(c).

**3.** "TR" refers to the transcript of the record of the administrative proceedings filed as part of defendant's answer.

tion (TR at 74, 249–53). On August 5, 1998 a hearing was held before an Administrative Law Judge ("ALJ") (TR at 90) and eight months thereafter, the ALJ found that the plaintiff was not disabled under the Social Security Act. (TR at 11–21) The plaintiff sought review of this decision by the Appeals Council on May 11, 1999. (TR 8–10)

On June 25, 1999, a new application for disability insurance benefits was filed by Corliss who claimed to be disabled as a result of "heart problems" such that she became unable to work as of June 13, 1997. (# 10, Exh. A) In this new application she also added depression as a disabling condition. (# 10, Exh. A) A determination of disability was made on August 24, 1999. (TR at 5A) On October 9, 1999, Corliss was sent a Notice of Award wherein she was advised that she had been found to be disabled as of April 7, 1996.[4] (# 10, Exh. B) Inter alia, the plaintiff was also informed in Notice of Award of her right to appeal the decision within 60 days. (# 10, Exh. B) Neither Corliss nor the Commissioner appealed the adjudication of total disability as of April 7, 1996.

On March 14, 2001 the Appeals Council, based upon the appeal filed by Corliss on May 11, 1999, granted the plaintiff's request for review of the April, 1999 ALJ decision and simultaneously reopened the August, 1999 favorable determination that awarded Corliss disability benefits and remanded the entire case to an ALJ for further proceedings. (TR at 5–7) It is the validity of Appeals Council's decision to reopen the favorable disability determination that is challenged by Corliss in this lawsuit.

4. It is a bit perplexing that although Corliss asserted in her application that she became unable to work due to her disabling condition in June of 1997, the Social Security Adminis-

### A. "Excusable Neglect?"

In her motion the Commissioner seeks relief under two subsections of Fed. R.Civ.P. 60(b). First, under Rule 60(b)(1), relief from a judgment, order, or any other proceeding may be given on the grounds that a "mistake, inadvertence, surprise, or excusable neglect" occurred. See Wright & Miller, Federal Practice and Procedure § 2858 (2002); 12 Moore's Federal Practice, § 60.41 (Matthew Bender 3d ed.). This rule allows for relief in circumstances where the Court finds that a litigant has been unduly denied the right to a decision on the merits of the case as a result of a negligent act on the part of the litigant or other persons. See Wright & Miller, Federal Practice and Procedure § 2858 (2002); 12 Moore's Federal Practice, § 60.41 (Matthew Bender 3d ed.).

■ Apart from stating that the filing of a motion to dismiss in lieu of an opposition to the plaintiff's motion to prohibit was a negligent act which should be excused by the Court, counsel for the Commissioner offers no excuse or explanation for the lapse. This case is comparable to *U.S. v. One Lot of $25,721.00 in Currency*, 938 F.2d 1417, 1421–22 (1 Cir., 1991) wherein the First Circuit determined that the district court did not abuse its discretion in deciding that an attorney's unexplained failure to oppose a motion for summary judgment was not excusable neglect under Rule 60(b)(1). An Assistant United States Attorney's unexplained failure to comply with the Federal Rules of Civil Procedure and the local rules of this Court do not, in my opinion, constitute excusable neglect. Relief under Rule 60(b)(1) shall be denied.

tration determined that she had become disabled in April of 1996 presumably because that is when she had her heart attack.

*B. Lack of Subject Matter Jurisdiction*

### III. Discussion

The focus of Rule 60(b)(4) is not on whether the prior decision was erroneous but rather on whether the Court "that rendered it [the decision] lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." See Wright & Miller, Federal Practice and Procedure § 2862; 12 Moore's Federal Practice, § 60.44. In U.S. v. One Rural Lot No. 10,356, the claimants submitted a Rule 60(b)(4) motion arguing that the government listed the wrong parcel of land on its complaint for forfeiture and that, as a result, the court's judgment of forfeiture was void. *One Rural Lot*, 238 F.3d 76, 78 (1 Cir., 2001). The First Circuit disagreed, reiterating that a judgment may be deemed to be void " 'only if the court that rendered judgment lacked jurisdiction or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process.' " *One Rural Lot*, 238 F.3d at 78 quoting

*United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1 Cir., 1990).

The Commissioner argues that the order to prohibit is void and thus subject to relief under Rule 60(b)(4) because the district court lacked subject matter jurisdiction over the claims in the complaint. In order to decide the merits of the defendant's argument, the Court must consider the bases of jurisdiction asserted by the parties.

In her complaint, Corliss alleges "[t]he Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, which grants original jurisdiction over actions arising over Federal questions of law." (# 3 ¶ 1)[5] The Commissioner takes the position that in Social Security cases such as that of the plaintiff, 42 U.S.C. §§ 405(g) and (h) provide the exclusive basis for jurisdiction.[6]

The Supreme Court has recently had occasion to delineate specifically the parameters of the jurisdictional provisions of the Social Security Act. In *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 20, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000),[7] the Supreme Court held that

---

5. Although not alleged in the complaint, the plaintiff makes a passing reference to mandamus jurisdiction in her brief. (# 24 at 2) The Supreme Court has held that mandamus jurisdiction under 28 U.S.C. § 1361 will provide a remedy for a plaintiff "only if the plaintiff has exhausted all other avenues of relief and only if the defendant owes him a nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 603–4, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Neither part of this two-prong test appertains to the facts of this case. Mandamus clearly does not lie. *Hironymous v. Bowen*, 800 F.2d 888, 891–4 (9th Cir.1986).

6. Title 42 U.S.C. §§ 405(g) and (h) provide, in relevant part:

    (g) Judicial review
    Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party...may obtain a review of such decision by a civil action commenced within sixty

days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow....
    (h) Finality of Commissioner's decision
    The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

7. Although *Illinois Council* is a Medicare case, the Medicare Act, 42 U.S.C. § 1395ii, incorporates § 405(h) of the Social Security Act. *Illinois Council*, 529 U.S. at 5, 120 S.Ct. 1084.

§ 405(h) bars not only so-called "amount" claims, but all claims arising under the statute. The sole exception would be those instances in which claims would be effectively precluded from any judicial review rather than simply "channeled" through the administrative process. *Illinois Council*, 529 U.S. at 5, 120 S.Ct. 1084.

In *Illinois Council*, an association of nursing homes challenged the validity of certain Medicare regulations on the grounds that the remedies and sanctions therein violated both statutes and the Constitution. *Illinois Council*, 529 U.S. at 5, 120 S.Ct. 1084. The jurisdiction of the federal district court was invoked under 28 U.S.C. § 1331. *Id.* The District Court dismissed the action for lack of jurisdiction and the Court of Appeals reversed. *Id.*

The Supreme Court found that the phrase "to recover on any claim arising under this subchapter" in § 405(h) "plainly bars § 1331 review in such a case [in which a claimant seeks a monetary benefit], irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds." *Id.* at 10, 120 S.Ct. 1084. The more difficult question was whether § 405(h) barred claims under § 1331 in situations where the claimant "challenges in advance the lawfulness of a policy, regulation, or statute that might later bar recovery of that benefit (or authorize the imposition of a penalty)." *Illinois Council*, 529 U.S. at 10, 120 S.Ct. 1084. (emphasis in original).

The Court concluded that § 405(h) could not be limited solely to claims regarding monetary benefits because:

Claims for money, claims for other benefits, claims of program eligibility, and claims that contest a sanction or remedy may all similarly rest upon individual fact-related circumstances, may all similarly dispute agency policy determinations, or may all similarly involve the application, interpretation, or constitutionality of interrelated regulations or statutory provisions. There is no reason to distinguish among them in terms of the language or in terms of the purposes of § 405(h).

*Illinois Council*, 529 U.S. at 13–4, 120 S.Ct. 1084.

In the Court's view, the "channeling of virtually all legal attacks through the agency" affords the agency the opportunity to better "apply, interpret, or revise policies, regulations, or statutes," while all but eliminating "premature interference" by individual courts asserting jurisdiction under § 1331. *Id.* at 13, 120 S.Ct. 1084.

Essentially, in *Illinois Council* the Court underscored its recognition of agency autonomy while at the same time assuring claimants of the right to judicial review subsequent to the final agency determination. Indeed, after claims are channeled through the special statutory review route provided in § 405, claimants are free to "contest in court the lawfulness of any regulation or statute upon which an agency determination depends." *Illinois Council*, 529 U.S. at 23, 120 S.Ct. 1084. That the agency did not or was not permitted to conduct any proceedings regarding the contention is irrelevant because the contention is still an "action" arising under the statute. *Id.*

■ The *Illinois Council* case is dispositive of the motion at hand. Corliss' asserted basis for jurisdiction, 28 U.S.C. § 1331, is unavailing.[8] The plaintiff's

---

8. The *Illinois Council* case effectively overrules the jurisdictional discussion in *McCuin v. Secretary of Health and Human Services*, 817 F.2d 161, 163–6 (1 Cir., 1987), upon which Corliss relies.

claims must first be channeled through the administrative agency and, if after a final agency decision Corliss is yet aggrieved, she has the right then to pursue her claims in federal court.

To summarize, the Court has no subject matter jurisdiction over the claims in the plaintiff's complaint. Judge Wolf's Order (#18) issued on February 11, 2002 is void and shall be vacated pursuant to Rule 60(b)(4), Fed.R.Civ.P. Given the lack of jurisdiction, the plaintiff's complaint must be dismissed.

### IV. Conclusion And Order

For the reasons stated it is ORDERED that the Motion For Reconsideration And Relief From Order Pursuant To Rule 60 Of The Federal Rules Of Civil Procedure And Motion To Dismiss For Lack Of Subject Matter Jurisdiction Pursuant To Rule 12(B)(1) Of The Federal Rules Of Civil Procedure (#19) be, and the same hereby is, ALLOWED on the basis that the Court lacks subject matter jurisdiction and otherwise DENIED. It is FURTHER ORDERED that the Order (#18) entered by Judge Wolf on February 11, 2002 be, and the same hereby is, VACATED. It is FURTHER ORDERED that the plaintiff's complaint be, and the same hereby is, DISMISSED for lack of jurisdiction. Judgment to that effect shall enter for the defendant.