Cesar I. CRUZ, et al., Plaintiffs,

v.

**BRISTOL MYERS SQUIBB COMPANY PR, INC., et al., Defendants.**

Civil No. 08–1424 (FAB).

United States District Court, D. Puerto Rico.

Signed Dec. 17, 2014.

---

Frank E. Laboy–Blanc, Humacao, PR, for Plaintiffs.

Ana B. Rosado–Frontanes, Lourdes C. Hernandez–Venegas, Schuster & Aguilo LLP, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER [1]

BESOSA, District Judge.

Before the Court are plaintiff Cesar I. Cruz's motions to set aside the judgment. (Docket Nos. 203 and 205.) For the reasons explained below, the Court **DENIES** plaintiff's motions.

## I. BACKGROUND

This case has been closed since April 18, 2011, when the Court granted summary judgment and dismissed all of plaintiff Cruz's claims with prejudice. (Docket Nos. 165–166.) The First Circuit Court of Appeals affirmed the Court's judgment on November 7, 2012. *Cruz v. Bristol–Myers Squibb Co. P.R.*, 699 F.3d 563, 572 (1st Cir.2012).

On March 7, 2014, nearly three years after judgment was entered, plaintiff Cruz filed a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60 ("Rule 60"). (Docket No. 203.) Rather than presenting salient facts and legal arguments in his motion, plaintiff Cruz invites the Court to search the submissions filed by different plaintiffs, in a different case, before a different judge. Specifically, plaintiff Cruz directs the Court to "all the arguments made, evidence proffered[,] and decisions made" in Civil No. 13–1118(ADC). *Id.* at ¶ 3(c). Cruz posits that "all that this Court needs to convince itself that [his] request should be heeded under the premises of Rule 60 are included in pages 6 and 7 of Docket 103–3 and Docket 103–9 [of Civil No. 13–1118(ADC) ]."

---

1. Elizabeth Barreto, a third-year law student at the University of Puerto Rico School of Law, assisted in the preparation of this memorandum.

*Id.* at ¶ 3(a). Defendants Bristol Myers Squibb Company PR, Inc., Bristol Myers Squibb MFG., Inc., and BMS Severance Plan (collectively, "Bristol Myers") opposed the motion. (Docket No. 212.) Plaintiff Cruz replied. (Docket No. 216.)

On March 13, 2014, six days after filing his first Rule 60 motion, plaintiff Cruz filed a second motion to set aside the judgment. (Docket No. 205.) Plaintiff Cruz argues that his counsel recently received information that proves that defendants Bristol Myers relied on a "sham affidavit" to support their motion for summary judgment. *Id.* at ¶¶ 1–5. Based on this newly discovered evidence and defendants' "manipulation of the truth," plaintiff Cruz again requests that the Court set aside the judgment. *Id.* at ¶¶ 11–12. The Bristol Myers defendants opposed the second motion and requested that the Court impose sanctions in the form of attorneys' fees against plaintiff Cruz for vexatious litigation. (Docket No. 207.) Plaintiff Cruz replied. (Docket No. 213.)

## II. DISCUSSION

### A. Rule 60(b)

█ Rule 60(b) provides that a court may relieve a party from a final judgment "[o]n motion and just terms." Fed.R.Civ.P. 60(b). The rule groups the grounds for relief into the following six subsections:

1. mistake, inadvertence, surprise, or excusable neglect;

2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4. the judgment is void;

5. the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6. any other reason that justifies relief.

*Id.* Relief pursuant to Rule 60(b) is "extraordinary in nature," and motions invoking Rule 60(b) "should be granted sparingly." *Karak v. Bursaw Oil Corp.,* 288 F.3d 15, 19 (1st Cir.2002).

Rule 60(b) motions "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1).

### B. Plaintiff Cruz's Motions to Set Aside Judgment, Construed as Being Made Pursuant to Rule 60(b)(2) and (3), Are Untimely

█ In his first motion to set aside judgment, plaintiff Cruz cites generally to Rule 60 only once. (Docket No. 203 at ¶ 2.) In his second motion to set aside judgment, plaintiff Cruz fails to mention Rule 60 at all. (Docket No. 205.) Thus, plaintiff Cruz apparently expects the Court to identify which Rule 60(b) subsection serves as the basis for his motion. The Court advises plaintiff Cruz that "in our adversary system of justice it is the parties' responsibility to ... prove their points" and that litigants "cannot expect the court to do their homework for them." *Ondine Shipping Corp. v. Cataldo,* 24 F.3d 353, 356 (1st Cir.1994).

Plaintiff Cruz's first motion to set aside the judgment, (Docket No. 203), is wholly undeveloped and void of legal analysis. But in his response to defendants' opposition to that first motion, plaintiff Cruz indicates that his request is "founded on newly discovered evidence and or fraud on the Court." (Docket No. 216 at ¶ 11.) Similarly, plaintiff Cruz bases his second motion to set aside judgment on "new evidence being proffered" and defendants' "manipulat[ion of] the truth presented to the Court." (Docket No. 205 at ¶¶ 11–12.) Thus, because plaintiff Cruz presents newly discovered evidence and accuses defendants of fraud, the Court concludes that both of plaintiff Cruz's motions to set aside judgment are made pursuant to Rule 60(b)(2) and (3).

█ Motions pursuant to Rule 60(b)(2) or (3) must be made "no more than a year after the entry of the judgment." Fed.R.Civ.P. 60(c)(1). Failure to file a Rule 60(b)(2) or (3) motion within one year of judgment "is an absolute bar to relief from the judgment."

*United States v. Marin,* 720 F.2d 229, 231 (1st Cir.1983) (finding that a Rule 60(b) motion alleging newly discovered evidence and fraud by adverse party was time-barred because it was filed twenty-eight months after judgment was entered); *see also Gonzalez v. Walgreens Co.,* 918 F.2d 303, 305 (1st Cir. 1990) (same where filed fourteen months after judgment was entered).

Here, the Court entered judgment in April 2011, and plaintiff Cruz's two motions to set aside judgment were filed in March 2014, thirty-five months after judgment was entered against him and twenty-three months after the expiration of the one-year period mandated by Rule 60(c)(1). This delay "is an absolute bar to relief from the judgment." *See Marin,* 720 F.2d at 231; *Gonzalez,* 918 F.2d at 305. The Court therefore **DENIES** plaintiff Cruz's motions to set aside judgment to the extent that they are brought pursuant to Rule 60(b)(2) and (3).

### C. Plaintiff Cruz's Motions to Set Aside Judgment Do Not Fall Within Rule 60(b)(4), (5), or (6)

In responding to defendants' opposition to plaintiff Cruz's second motion, plaintiff Cruz argues for the first time that the Court's judgment must be set aside pursuant to subsections (4), (5), and (6) of Rule 60(b) because the judgment was based on wrong information and is therefore void and not equitable "if applied prospectively." (Docket No. 213 at ¶¶ 10–14.) Motions pursuant to Rule 60(b)(4), (5), or (6) "must be made within a reasonable time," but are not subject to a one-year term. Fed.R.Civ.P. 60(c)(1).

 Pursuant to Rule 60(b)(4), a Court may relieve a party from a final judgment if "the judgment is void." Fed.R.Civ.P. 60(b)(4). A judgment is void *only* if the court that rendered judgment lacked jurisdiction *or* in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process." *United States v. Boch Oldsmobile, Inc.,* 909 F.2d 657, 661 (1st Cir.1990); *accord United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 271, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). A judgment "is not void simply because it is or may have been erro-

neous; it is void only if, from its inception, it was a legal nullity." *United States v. One Rural Lot No. 10,356,* 238 F.3d 76, 78 (1st Cir.2001). Here, plaintiff Cruz does not allege that the Court lacked jurisdiction or that the Court violated plaintiff Cruz's due process rights. Nor does plaintiff Cruz provide any authority to support his argument that newly discovered evidence of alleged misrepresentation by an adverse party can render a judgment void. The Court therefore **DENIES** plaintiff Cruz's motions to set aside judgment to the extent that they are brought pursuant to Rule 60(b)(4).

 Pursuant to Rule 60(b)(5), a court may relieve a party from a final judgment if, among other things, "applying [the judgment] prospectively is no longer equitable." Fed.R.Civ.P. 60(b)(5). By its terms, this provision "applies only to judgments having prospective application," understood as "forward-looking judgments, such as injunctions and consent decrees." *Comfort v. Lynn Sch. Comm.,* 560 F.3d 22, 28 (1st Cir.2009). The judgment here, dismissing plaintiff's claims on a motion for summary judgment, does not have prospective application. In arguing to the contrary, plaintiff Cruz "misreads the language of the rule and confuses prospective application with the res judicata effect that attaches to almost every final judgment." *See id.* Thus, because the judgment plaintiff Cruz seeks to have set aside does not fall within Rule 60(b)(5)'s narrow ambit, to the extent that they are brought pursuant to that rule, the Court **DENIES** plaintiff Cruz's motions.

 After delineating five grounds for relief from a final judgment, Rule 60(b) provides a sixth "catch-all" provision that authorizes a court to grant relief for "any *other* reason that justifies relief." Fed.R.Civ.P. 60(b)(6) (emphasis added). A court may not grant relief pursuant to Rule 60(b)(6) if the motion is "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *accord Rivera–Velazquez v. Hartford Steam Boiler Inspection & Ins. Co.,* 750 F.3d 1, 4 (1st Cir.2014) ("It is a 'bedrock principle that

clause (6) may not be used as a vehicle for circumventing clauses (1) through (5).'" (quoting *Cotto v. United States*, 993 F.2d 274, 278 (1st Cir.1993))). Here, plaintiff Cruz bases his two motions to set aside judgment on newly discovered evidence that he believes proves that the Bristol Myers defendants relied on a "sham affidavit" to support their motion for summary judgment. Accordingly, plaintiff Cruz's motions fall squarely within the purview of subsections (2) and (3), which permit a court to grant relief based on "newly discovered evidence" or "fraud ... by an opposing party." *See* Fed.R.Civ.P. 60(b)(2)–(3). Because the Court cannot grant relief pursuant to Rule 60(b)(6) if the motion is premised on another Rule 60(b) subsection, *see Liljeberg*, 486 U.S. at 863, 108 S.Ct. 2194, the Court **DENIES** plaintiff Cruz's motions to the extent that they are brought pursuant to Rule 60(b)(6).

### D. Plaintiff Cruz's Allegation of Fraud is Meritless

██ In responding to defendants' opposition to plaintiff Cruz's first motion, plaintiff Cruz urges the Court to set aside judgment pursuant to a "rule of equity" recognized in *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), and *Marshall v. Holmes*, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870 (1891). (Docket No. 216 at ¶ 6.) In interpreting the two cited cases, the United States Supreme Court held that independent actions brought pursuant to this "rule of equity" must be "reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata," *United States v. Beggerly*, 524 U.S. 38, 46, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) (quoting *Hazel–Atlas Glass Co.*, 322 U.S. at 244, 64 S.Ct. 997), and "should be available only to prevent a grave miscarriage of justice," *id.* (citing *Marshall*, 141 U.S. at 596, 12 S.Ct. 62).

Here, plaintiff Cruz's allegation of "fraud on the Court" from a "sham affidavit" not only does not rise to the level of a "grave

miscarriage of justice," it entirely lacks merit. Plaintiff Cruz claims that during a deposition in November 2010, the Bristol Myers defendants' Human Resources Director Grisel Castro stated that the reduction in force took place only at defendants' Humacao plant. (Docket No. 205 at ¶ 3.) When asked why the name of an employee from defendants' Manati plant appeared on an October 2008 reduction-in-force disclosure report, Ms. Castro responded that it was a mistake generated by the "system." *Id.* Plaintiff Cruz claims to have recently discovered a letter that Ms. Castro wrote to an employee that included a different reduction-in-force disclosure report, dated July 2008. *Id.* at ¶ 2. This July 2008 disclosure report included the names of seven Manati plant employees. *Id.* at ¶ 3. Plaintiff Cruz argues that this July 2008 disclosure report contradicts Ms. Castro's statements in her deposition, rendering her affidavit a "sham." *Id.* The Court fails to see a contradiction. Ms. Castro explained that the "system" erroneously included the name of a Manati employee on an October 2008 disclosure report; she was not questioned about the July 2008 disclosure report, which could have similarly included system-generated errors. Thus, this July 2008 disclosure report plainly does not contradict Ms. Castro's testimony.

The Court therefore concludes that plaintiff Cruz's allegation of fraud is wholly baseless and **DENIES** plaintiff's motions[2] to set aside judgment to the extent that they are made pursuant to a "rule of equity."

### E. Sanctions in the Form of Attorneys' Fees

██ The Bristol Myers defendants request that the Court impose sanctions, in the form of attorneys' fees, against plaintiff Cruz for vexatious litigation. (Docket No. 207 at pp. 7–9.) Among other things, defendants argue that, for the past three years, plaintiff Cruz has forced them "to respond to unintelligible submissions which, on many occasions, were designed to mislead the Court by misrepresenting procedural and substantive facts." *Id.* at p. 7. Plaintiff Cruz responds

---

**2.** Both of plaintiff Cruz's motions are based on the alleged contradiction between Ms. Castro's testimony and the newly discovered July 2008 disclosure report sent by Ms. Castro. *See* Docket Nos. 205 (plaintiff's second motion) & 216 (plaintiff's response to defendants' opposition to plaintiff's first motion).

98

by arguing that sanctions are unwarranted because the issues he presents merit the Court's consideration. (Docket No. 213 at ¶ 6.)

 A court may impose sanctions pursuant to its inherent power "upon finding that a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *F.A.C., Inc. v. Cooperativa De Seguros De Vida De Puerto Rico,* 563 F.3d 1, 6 (1st Cir.2009) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). "Because of its potency," however, "a court's inherent power to shift attorneys' fees should be used sparingly and reserved for egregious circumstances." *Id.* (internal quotation marks and citations omitted). The Court finds that plaintiff Cruz's attempt to re-open this case based on a meritless argument is certainly vexatious, but does not rise to the level of "egregious" behavior that justifies the imposition sanctions. The Court therefore declines defendants' request for sanctions against plaintiff Cruz.

## III. CONCLUSION

For the reasons explained above, the Court **DENIES** plaintiff Cruz's motions to set aside judgment (Docket Nos. 203 & 205).

**IT IS SO ORDERED.**